IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COFFEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSHUA M. COFFEY, APPELLANT.

Filed August 4, 2026.    Nos. A-26-030, A-26-032.

Appeals from the District Court for Douglas County: J RUSSELL DERR, Judge. Sentence in No. A-26-030 vacated, and cause remanded for resentencing. Sentences in No. A-26-032 affirmed as modified.

Thomas C. Riley, Douglas County Public Defender, and Cindy A. Tate for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

In case No. A-26-030, Joshua M. Coffey pled no contest to a Class III felony. The Douglas County District Court sentenced him to 3 years' probation but later revoked his probation and sentenced him to 4 years' imprisonment. Coffey's sentence was to be served consecutively to his sentences in case No. A-26-032.

In case No. A-26-032, Coffey pled no contest to a Class ID felony and a Class II felony. The Douglas County District Court sentenced him to 8 to 10 years' imprisonment on each conviction. His sentences were to be served consecutive to each other and consecutive to his sentence in case No. A-26-030.

- 1 -

Coffey appeals, claiming that his sentences were excessive. The State claims that the sentences were not excessive, but that the determinate sentence for the Class III felony in case No. A-26-030 constituted plain error.

Finding plain error, we vacate the sentence imposed for Coffey's Class III felony in case No. A-26-030 and remand the cause for resentencing. However, we affirm the sentences for Coffey's Class ID and Class II felonies in case No. A-26-032, but modify the sentencing order to correct the award of credit for time served.

II. BACKGROUND

1. CASE NO. A-26-030

On December 2, 2022, the State filed an information in district court case No. CR22-4407 (case No. A-26-030), charging Coffey with one count of "Possession of Deadly Weapon (Not Firearm) by Prohibited Person," a Class III felony, pursuant to Neb. Rev. Stat. § 28-1206(1)(a) and (3)(a) (Cum. Supp. 2022).

At a hearing on March 20, 2023, Coffey pled no contest to the charge in the information. According to the factual basis provided by the State,

Omaha police officers responded to suspicious parties, and they made contact with [Coffey] and another man who were pushing a vehicle that was either stolen or had stolen plates on the vehicle. They searched the gentlemen, and [Coffey] had a pocket knife on his person with a blade longer than 3 and a half inches.

They further searched vehicles that these two men were associated with. One of the vehicles was one that [Coffey] was claiming belonged to his wife. In that vehicle, there were further knives. . . .

. . . .

. . . . There was a 12-inch knife in a sheath located in that car where he was probably in. And they found another hatchet as well. All these events in Douglas County.

Coffey stipulated that he was a convicted felon. The district court accepted Coffey's no contest plea to the charge in the information and found him guilty of the same. The matter was set for sentencing.

Subsequently, at a hearing on May 23, 2023, the district court sentenced Coffey to 3 years' probation, with various terms and conditions.

On June 3, 2025, the State filed a motion to revoke Coffey's probation, alleging that he violated various conditions thereof. At a hearing on October 21, Coffey admitted to the violation of probation and waived the factual basis. The district court received Coffey's admission and found him guilty of violating his probation. Sentencing was set for December 18.

On December 18, 2025, the district court revoked Coffey's probation, terminated it "unsatisfactory," and sentenced him to 4 years' imprisonment on the underlying charge of "Possession of Deadly Weapon (Not Firearm) by Prohibited Person." He was given credit for 54 days' time served. Coffey's sentence in this case was to run consecutive to his sentence in district court case No. CR25-2725.

- 2 -

## 2. CASE NO. A-26-032

On June 6, 2025, the State filed an information in district court case No. CR25-2725 (case No. A-26-032), charging Coffey with four counts: count 1, "Possession of Deadly Weapon by Prohibited Person," a Class ID felony, pursuant to § 28-1206(1)(a) and (3)(b) (Cum. Supp. 2024); count 2, "Manufacturing, Distributing, or Possession With Intent to Distribute a Controlled Substance With a Firearm," a Class ID felony, pursuant to Neb. Rev. Stat. § 28-416(16) (Cum. Supp. 2024); count 3, "Possession With Intent to Distribute an Exceptionally Hazardous Schedule I, II, or III Controlled Substance," a Class II felony, pursuant to § 28-416(1) and (2)(a); and count 4, "Theft by Receiving $5000 or More," a Class IIA felony, pursuant to Neb. Rev. Stat. §§ 28-517 and 28-518(1) (Reissue 2016 & Cum. Supp. 2024).

At a hearing on October 21, 2025, Coffey pled no contest to counts 1 and 3 in the information, in exchange for the State dismissing counts 2 and 4. According to the factual basis provided by the State,

> Reports show that, on May 23rd, 2025, investigators with the Douglas County Sheriff's Department along with State probation officers were involved in an investigation regarding [Coffey].
>
> On that morning, [Coffey] did show up to probation in a vehicle that was reported stolen. Officers conducted surveillance of [Coffey], observed him at probation, and then observed him drive home. On his way home, he appeared to steal bags of sand from another location.
>
> Officers observed the stolen vehicle in front of [Coffey's] residence. . . . At that time, officers did begin a probation search of the residence. During that, officers observed an amount of methamphetamine. Officers then obtained the search warrant and continued a search of the residence.
>
> Among the items officers located [were] approximately 16 grams of methamphetamine in the master bedroom, scales, baggies, a box of ammunition, and also an 18-gauge shotgun shell .22 long single-shot rifle in the basement of the residence.
>
> Judge, the parties do, for the purposes of this plea, stipulate that [Coffey] was a prohibited person on or about the date in question as he had previously been convicted of a felony.
>
> The methamphetamine was submitted for chemical analysis with the Nebraska Public Service Lab and did -- which did confirm that the substance did contain methamphetamine. And, again, all events did occur in Douglas County.

Coffey confirmed the stipulation that he was a convicted felon. The district court accepted Coffey's no contest pleas to the charges in counts 1 ("Possession of Deadly Weapon by Prohibited Person") and 3 ("Possession With Intent to Distribute an Exceptionally Hazardous Schedule I, II, or III Controlled Substance") of the information and found him guilty of the same. Sentencing was set for December 18.

On December 18, 2025, the district court sentenced Coffey to 8 to 10 years' imprisonment on count 1, and 8 to 10 years' imprisonment on count 3. He was given credit for 209 days' time

served on count 1. Coffey's sentences in this case were to run consecutive to each other and consecutive to his sentence in district court case No. CR22-4407.

Coffey appeals.

### III. ASSIGNMENT OF ERROR

Coffey assigns that the district court abused its discretion by imposing excessive sentences.

The State asserts that the district court committed plain error when it imposed a determinate sentence on Coffey's Class III felony conviction in case No. A-26-030.

### IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Brown*, 317 Neb. 273, 9 N.W.3d 871 (2024). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

### V. ANALYSIS

#### 1. EXCESSIVE SENTENCE

We begin by considering Coffey's claim that his sentences are excessive.

In case No. CR22-4407 (A-26-030), Coffey was convicted of "Possession of Deadly Weapon (Not Firearm) by Prohibited Person," a Class III felony punishable by up to 4 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). He was sentenced to 4 years' imprisonment, and his sentence was to be served consecutive to his sentence in case No. CR25-2725 (A-26-032).

In case No. CR25-2725 (A-26-032), Coffey was convicted of "Possession of Deadly Weapon by Prohibited Person," a Class ID felony punishable by a mandatory minimum of 3 years' imprisonment and up to a maximum of 50 years' imprisonment. See § 28-105. He was sentenced to 8 to 10 years' imprisonment. Coffey was also convicted of "Possession With Intent to Distribute an Exceptionally Hazardous Schedule I, II, or III Controlled Substance," a Class II felony punishable by 1 to 50 years' imprisonment. See *id.* He was sentenced to 8 to 10 years' imprisonment. Coffey's sentences in this case were to be served consecutively to each other and consecutive to his sentence in case No. CR22-4407 (A-26-030).

Coffey's sentences in both cases were within the statutory range of § 28-105. As such, we review the district court's sentencing determination only for an abuse of discretion. See *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025) (where sentence imposed within statutory limits is alleged to be excessive, appellate court must determine whether sentencing court abused its discretion in considering and applying relevant factors, as well as any applicable legal principles in determining sentence to be imposed.)

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and

cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Coffey was 48 years old at the time of sentencing. According to the presentence investigation report (PSR) from May 2023, he was single and had one child. He had two bachelor's degrees and was employed. Coffey reported being physically and mentally abused while growing up. In 2022, Coffey was diagnosed with an "Amphetamine Use Disorder, Severe," and an "Alcohol Use Disorder, Mild in sustained remission."

Coffey's criminal history includes numerous convictions, including "Serious Assault amended to Simple Assault" in 1995 (2 days' jail); criminal trespassing in 1999 (fine); felony conspiracy to distribute a controlled substance in 2006 (108 months' prison with 60 months' federal supervised release); possession of a controlled substance in 2015 (24 months' probation, "unsatisfactorily terminated"); "Theft by Shoplifting - $0 to $500" and attempted possession of a controlled substance in 2019 (18 months' probation, probation revoked, 60 days' jail); possession of a controlled substance in 2020 (7 days' jail); and "Theft – First Degree (F) reduced to Theft – Second Degree (F)" in 2021 (5 years' prison suspended, 2 years' probation, $1,250 fine suspended).

As part of the presentence investigation, a "Level of Service/Case Management Inventory" was conducted, and Coffey was assessed at an overall "[h]igh" risk to reoffend. He scored in the "[v]ery [h]igh" risk range in the criminogenic risk factor domain for companions. He scored in the "[h]igh" risk range in the domain for procriminal attitude. He scored in the "[m]edium" risk range in the domains for criminal history, family/marital, leisure/recreation, alcohol/drug problems, and antisocial pattern. He scored in the "[l]ow" risk range in the domain for education/employment.

As noted previously, Coffey was originally sentenced to 3 years' probation for his "Possession of Deadly Weapon (Not Firearm) by Prohibited Person" conviction in case No. CR22-4407. A December 2025 letter from the State Probation Office informed the district court that Coffey "struggled with his probation for the last two years" and "struggled with accountability and honesty." He "missed 35 drug tests, diluted 2 drug tests, and refused 13 drug tests," and he tested positive for methamphetamine three times. Coffey had been issued 15 administrative sanctions for various violations and served 52 days of his custodial sanctions.

At the sentencing hearing in December 2025, Coffey's counsel argued that Coffey is "an extremely intelligent man" and has two bachelor's degrees. However, "he got caught up in a world with drugs, especially methamphetamine, which just is a horrible beast, that it's not let go of him, and he's not quite let go of it either." Coffey's record "has involved drugs and then weapons," but "[i]t's never been the use of weapons" and "[t]here's no crimes of violence or violent convictions on his record." Coffey "clearly" made the "wrong decision" when he left transitional living and moved in with his partner; "[i]t was her residence that was searched" and "[i]t was her property on which stolen vehicles were found." "[T]here was no indication -- other than from the codefendant, who took a benefit for herself -- there was no indication that my client was actively participating in the distribution of any of the drugs that were found on sight," and "[t]here's no indication that he was using any of the weapons or he'd ever touched them." Coffey "has achieved the status of

- 5 -

being a trustee" at Douglas County Corrections, "and that is not something that is given to all inmates," "[i]t's something that has to be earned." Counsel asked the district court to "run all of the counts together, the CR22 docket as well as the two counts in the CR25 docket."

Coffey personally addressed the district court, stating, "I'd like to just take full responsibility for my actions, and I'd like to apologize to my mother and my family for failing as a son and as a father."

The State pointed out that Coffey was put on probation with conditions in May 2023, and at that time the district court "gave him a chance." The State also said that the probation office's summary was "probably one of the most thorough summaries" it had ever seen. The State then submitted.

The district court stated that Coffey was "facing here, on all three charges, about 104 years," but "that's not going to happen." The court pointed out that it previously placed Coffey on probation. However, "that's one of the most detailed and concerning probation reports I've ever seen in the 22 years I've been doing this." The court gave Coffey "the highlights of [his] record" and stated:

> This wasn't just a technical failure of probation at Docket 22-4407. It was an utter failure. You almost had to work at it, in fact. And so I'm going to impose a straight sentence there.
>
> On these other counts, the 25-2725, they are very serious. I agree with [defense counsel]. There's no evidence you were -- these things were being -- the guns were being used and that type of thing, but the mere presence of them when you shouldn't have them indicates that there might be a tendency to maybe want to use them or would use them.
>
> And so I have crafted a sentence that, to some extent, indicates the seriousness of the charges, and it will be taking you off the streets for a period of time. And that's about all we can do in this case because you can't do probation, obviously.

The court then sentenced Coffey as set forth previously.

On appeal, Coffey contends that his aggregate sentence of 20 to 24 years' imprisonment "is manifestly excessive given [his] age, past criminal record, background, motivation for the offense, and mentality." Brief for appellant at 9. He argues that "[a] comprehensive review of these mitigating factors, as set forth by Nebraska law, demonstrates that the sentence imposed fails to account for [his] individual circumstances . . . , resulting in a punishment that is unduly harsh." *Id.* He further argues that his sentence "was not tailored to him as an individual, but rather, it was a response primarily focused on the nature of the offenses." *Id.* at 11. The State contends that "the district court reviewed and considered the [PSR] and the arguments made by counsel at sentencing, which included information for all the factors a court is to consider, including mitigating factors." Brief for appellee at 13. "Further, the comments made by the district court at sentencing do not indicate that the district court considered any inappropriate factors in determining the sentences to be imposed." *Id.*

Having reviewed the record, we cannot say that the district court abused its discretion in sentencing Coffey. See *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024) (no abuse of discretion in sentence imposed when review of record shows sentencing court considered relevant sentencing factors and did not consider any inappropriate factors).

2. Plain Error

(a) Indeterminate Sentence Required in Case No. A-26-030

The State claims that the district court did not err in sentencing Coffey on his Class ID and II felony convictions in case No. CR25-2725 (A-26-032), but asserts the court committed plain error when it imposed a determinate sentence on his Class III felony conviction in case No. CR22-4407 (A-26-030).

Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) states:

For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an *indeterminate* sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

(Emphasis supplied.)

Because Coffey's prison sentence for his Class III felony was imposed consecutively to his Class ID and II felony sentences, § 29-2204.02(4) required the district court to impose an indeterminate sentence for the Class III felony. Accordingly, Coffey's determinate sentence of 4 years' imprisonment violated § 29-2204.02(4).

The failure to impose an indeterminate sentence when required to do so by statute constitutes plain error. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *Id.* We therefore find that Coffey's sentence for his Class III felony in case No. CR22-4407 (A-26-030) was plain error, and we vacate that sentence and remand the cause to the district court for resentencing.

(b) Coffey's Credit

Additionally, although not raised by either party, we find that the district court committed plain error in both cases in its imposition of credit for time served. In case No. CR22-4407 (A-26-030), Coffey was given credit for 54 days' time served. And in case No. CR25-2725 (A-26-032), he was given credit for 209 days' time served on count 1. However, the Nebraska Supreme Court has held that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) is applied just once, to the aggregate of all terms imposed. See *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025). Although courts use aggregation principles when applying available jail credit, precision is still required when identifying how many days a defendant spent in custody, and on which charges, for purposes of calculating available credit under § 83-1,106(1). *State v. Nelson, supra*.

We therefore modify the sentencing order in case No. CR25-2725 (A-26-032) to state that "Coffey is entitled to 263 days of credit for time served against the aggregate of all terms imposed

in CR25-2725 and CR22-4407." And we direct the district court, upon spreading the mandate, to modify the commitment accordingly using the same language.

Furthermore, the district court shall use similar language regarding Coffey's credit for time served when it resentences Coffey on remand in case No. CR22-4407 (A-26-030).

## VI. CONCLUSION

We find that Coffey's determinate sentence in case No. A-26-030 was plain error, and we vacate that sentence and remand the cause to the district court for resentencing.

However, we affirm Coffey's sentences in case No. A-26-032, but modify the sentencing order to correct the award of credit for time served.

SENTENCE IN NO. A-26-030 VACATED, AND
CAUSE REMANDED FOR RESENTENCING.
SENTENCES IN NO. A-26-032 AFFIRMED AS MODIFIED.